IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                  Case No. 1:22-cr-00361 KWR

MARQUAE KIRKENDOLL,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR PRETRIAL RELEASE

THIS MATTER is before the Court on Mr. Kirkendoll's Motion Requesting Pretrial Release **(Doc. 50)**. The Court, having reviewed the record and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required); *see* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed.") (emphasis added). Having conducted a *de novo* review of the record in this case, including the Pretrial Services' report, the recording of the detention hearing, the evidence presented at that hearing, and the parties' pleadings, the Court finds Mr. Kirkendoll's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

This case stems from the alleged assault and armed robbery of a postal worker.

The Grand Jury charged Defendant as follows:

Count I: Robbery of a Postal Employee in violation of 18 U.S.C. § 2114(a) and 18 U.S.C. § 2 (aiding and abetting)

Count II: Theft and Receipt of Stolen and Reproduced Keys and Locks in violation of 18 U.S.C. § 1704 and 18 U.S.C. § 2.

Count III: Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of violence, and Possessing and Brandishing a Firearm in furtherance of such Crime, in violation of 18 USC § 924(c)(1)(A)(ii) and 18 USC § 2.

Count IV: Conspiracy in violation of 18 U.S.C. § 924(o).

The Government moved to detain Defendant. Judge Stinnett, sitting in the Eastern District of Kentucky, held an evidentiary detention hearing. The Court has reviewed the testimony and evidence presented at the detention hearing *de novo*, and finds that Judge Stinnett accurately described the evidence presented as follows:

> On January, 18, 2022, in Bernalillo County, New Mexico, two male subjects pulled a postal worker out of his vehicle, threw him to the ground, each pointed a firearm at him, and demanded his postal keys while the postal worker begged for his life. One of the subjects was later identified as Rayshawn Boyce ("Boyce"). The postal worker described one of the firearms as a revolver with a wooden handle and the other as a "black gun." The United States presented video footage captured on a doorbell camera [DE 11, Ex. 1] near the scene that showed the incident. SA Erhardt stated the doorbell footage had been verified as accurate. SA Erhardt testified that the victim postal carrier had to take ten weeks of leave from his position due to the trauma of the attack.
>
> SA Erhardt described how law enforcement used a geofence warrant, the doorbell footage, surveillance video from a marijuana dispensary, and interviews to determine that Boyce and Kirkendoll perpetrated the crime. Kirkendoll's phone was "pinged" in the vicinity of the crime at the time the crime occurred. SA Erhardt testified Kirkendoll first denied being in New Mexico in January 2022, but later acknowledged that he was in New Mexico on that date, though Kirkendoll disputes that he initially denied being in New Mexico. Additionally, he testified that law enforcement ultimately located a wooden-handled revolver in Boyce's possession and a firearm in Kirkendoll's possession that matched the description of the black pistol used in the robbery. Law enforcement conducted a review of Kirkendoll's cell phone that revealed the following: Kirkendoll and Boyce were friends on social media, Kirkendoll's Instagram handle is "Quae Murdaa," he had been selling a firearm, he searched the Internet for the location of a postal blue box and what the numbers the arrow key (one of the stolen keys) meant.

**Doc 39 at 14**.  In a detailed and well-reasoned written opinion, Judge Stinnett ordered Defendant be detained.  He noted that the presumption of detention applied, and that Defendant rebutted the presumption.

Mr. Kirkendoll has no criminal history.  At the time of the alleged offense, Mr. Kirkendoll was a student at Eastern Kentucky University, a member of that school's football team, and ran his own business.  Mr. Kirkendoll presented many positive statements from family and friends, either in the form of testimony or emails, describing his good character.  The Court has reviewed all of these.  As described by his counsel, they spoke about his "good character, kind and helpful nature, and his work to attain a football scholarship."  **Doc. 50 at 3**.  He played football at Division I programs at the University of New Mexico and Eastern Kentucky University.

The Pretrial Services report before Judge Stinnett noted that although Defendant had no criminal history, it nevertheless recommended that he be detained.  It appears the report primarily based this conclusion on (1) the nature of the offense charged; (2) criminal association; and (2) safety concerns for the community.

## LEGAL STANDARD

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

### DISCUSSION

Mr. Kirkendoll moves for pretrial release. The Court may revoke a detention order under 18 U.S.C. § 3145(b). The Court denies the motion, finding that the § 3142(g) factors weigh towards finding by a preponderance of the evidence that he is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure his appearance or the safety of the community.

**I.    Detention factors under § 3142(g).**

   **A.    Rebuttable Presumption.**

The rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) because there is probable cause that he committed an offense under 18 U.S.C. § 924(c). Congress has imposed a rebuttable presumption that no combination of conditions of release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(B). Defendant asserted that he has no prior criminal record and has a good character. Defendant presented the testimony and statements of friends and family describing his "good

character, non-violent nature, his dedication to helping others, the generosity he exhibits to others by doing things like providing groceries and rides to friends in need, and that he is a good and devoted cat owner." **Doc. 39 at 16.** Judge Stinnett noted that Mr. Kirkendoll rebutted the presumption. Even if he had rebutted the presumption, it remains a consideration when weighing the § 3142(g) factors.

      B.      **Nature and Circumstances of the Offenses Charged.**

The Court must consider "the nature and circumstances of the offense charged, including whether the offense … involves …a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). The charges in this case involve a serious violent crime. Mr. Kirkendoll is alleged to have committed an armed robbery of a postal worker, including the alleged possession, use, carry, or brandishing of a firearm. As seen on the video submitted into evidence, the postal worker was dragged from his vehicle onto the ground. The Court agrees with Judge Stinnett that "robbing a postal worker in the line of duty at gunpoint is a particularly deplorable offense." **Doc. 39 at 17**. The armed robbery charge under 18 U.S.C. § 2114(a) has a maximum sentence of 25 years because the Government alleges that Defendant put the postal worker's life in jeopardy by using a dangerous weapon. Moreover, he is also charged with a violation of 18 U.S.C. § 924(c)(1)(A)(ii), which potentially carries a seven-year consecutive sentence. Defendant is charged with very serious offenses which reflect the dangerousness of the alleged conduct, and which could potentially cause a defendant to flee.

   This factor weighs heavily in favor of detention.

      C.      **Weight of the Evidence.**

The weight of the evidence appears to be strong and weighs in favor of detention. Defendant argues that the evidence is not strong, and that the evidence does not show that he

committed the charged offenses. On the surveillance video, two individuals pulled a postal worker out of his vehicle and onto the ground. They are seen assaulting and robbing a postman with the use of a firearm. Judge Stinnett noted that based on this footage "considering the somewhat unusual nature of attacking a postal carrier on his route in broad daylight, and noting the coordinated possession of firearms during the attack, this appears to be have been a coordinated, premeditated act." **Doc. 39 at 18**. Upon reviewing the evidence presented and the video footage, the Court agrees with this assessment.

Moreover, the theft of the postal keys combined with Mr. Kirkendoll's internet history suggests that the keys may have been stolen for the purpose of committing mail theft. The stolen keys are only useful for opening locked mailboxes. The special agent stated that postal workers are sometimes robbed for their arrow keys, which open up mailboxes, such as blue mail boxes, apartment building mailboxes, and neighborhood cluster mailboxes. *See* Detention Hearing Recording, September 8, 2022. at 10:58-59 A.M. He stated that generally, people look for financial instruments in the mail. *Id.*

Evidence recovered from Mr. Kirkendoll's phone indicated that Mr. Kirkendoll or his co-defendant intended to use the keys to open mailboxes. Mr. Boyce messaged Kirkendoll "I ain't gon hit the blues yet I wanna see if that key work on the west." **Doc. 53 at 6.** Mr. Kirkendoll responded "Bet." This is apparently a reference to using the stolen key on the blue mailboxes. Moreover, his cell phone reveals that someone using his phone searched the internet for the location of postal blue mailboxes, and looked up what the numbers on one of the keys meant. Detention Hearing, September 8, 2022, at 10:56-58 A.M.

A firearm consistent with the description of the firearm used in the robbery was found in Defendant's possession. *See* Detention Hearing Recording, September 8, 2022, at approximately 10:50 A.M; 10:53 A.M.

A Geofence return puts Mr. Kirkendoll's phone at the location of the robbery at the time of the robbery (it pinged twenty-four times at that location between 9:47 a.m. and 10:04 a.m.). At this time Mr. Boyce's vehicle was parked close to where the robbery occurred.

The weight of the evidence appears to be strong. This factor weighs in favor of detention.

### D.     **Defendant's history and characteristics.**

The next factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A). Before the alleged offense, Mr. Kirkendoll was a student at Eastern Kentucky University and a member of that college's football team. He also ran his own business.

Mr. Kirkendoll has no criminal history and no history of noncompliance with conditions of release. Many people have testified at the detention hearing or stated through email that Mr. Kirkendoll has a good character.

Mr. Kirkendoll's history and characteristics do not favor detention, but are not sufficient to overcome the weight of the other factors.

### E.     **Danger to Community.**

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The

7

> Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020).

Judge Stinnett wrote as follows:

> The Court cannot ignore the allegations at issue as part and parcel of the nature and seriousness of the danger [the defendant] poses if released. The incident leading to the indictment was a violent physical assault, as established by the doorbell footage. The involvement of a firearm threatened the safety of the perpetrators, the victim postal carrier, and passerby. Those allegations, if proven, reflect a dangerous, gun-wielding individual who is willing to commit a violent crime against an unarmed civil servant to facilitate the commission of additional crimes.

(Doc. 39, at 19). Upon reviewing the detention hearing recording and evidence *de novo*, the Court agrees with this statement. The evidence reflects that the robbery was a violent a crime, and the robbery facilitated the potential commission of additional crimes – mail theft. The Court finds Mr. Kirkendoll's release would pose a danger to the community, and this factor weighs in favor of detention.

### F.     **Conditions of release will not reasonably assure safety of the community or his appearance as required.**

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Weighing the factors above, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger to the community. The evidence presented regarding his good character and lack of criminal history is not sufficient to outweigh the other factors.

Mr. Kirkendoll asserts that the following proposed conditions of release could reasonably assure his appearance as required or the safety of the community: release to La Pasada Halfway house, location monitoring, supervision by pretrial services, drug and alcohol testing, and work/school requirements. **Doc. 50 at 11.**

The Court concludes that none of Mr. Kirkendoll's proposed conditions of release will reasonably assure the safety of the community or his presence as required. The record does not reflect that drug or alcohol use caused Mr. Kirkendoll to commit the alleged crimes.

As Judge Stinnett noted, "the allegations are that a young man who has never even been caught running a stop sign suddenly assaulted a postal carrier, pointed a gun at this head, and robbed him." **Doc. 39 at 20.** The Court does not believe that any of Mr. Kirkendoll's proposed conditions would reasonably assure the safety of the community.

Moreover, Mr. Kirkendoll's proposed conditions of release would not reasonably assure his appearance as required. Mr. Kirkendoll faces very serious charges, as explained above. Mr. Kirkendoll is no longer on a football team and has not presented evidence of employment or school enrollment.

Mr. Kirkendoll appears to suggest that he remain in New Mexico and reside at La Pasada Halfway house. However, the record does not reflect that he has a sufficient connection to the community. *See* 18 U.S.C. § 3142(g)(3)(A) (court must consider length of residence in community and community ties).

Given the rebuttable presumption, the seriousness of the charges, the nature of the alleged offense, the danger to the community, and the weight of the evidence, the Court does not believe that release to the halfway house along with the proposed conditions will reasonably assure his appearance as required or the safety of the community.

## **CONCLUSION**

The Court finds Defendant's motion for pretrial release under § 3145 unpersuasive, for the reasons stated above.

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence and that no conditions of release could reasonably assure the safety the of the community. Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Pretrial Release **(Doc. 50)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE